THE ASSIGNEES OF MYERS and JUDAH *against* COLEMAN.

Insolvency of the maker of a note, is no excuse for not demanding payment.

A promise by an indorser to pay, is not a waiver of notice, unless such promise was made under a full disclosure of the facts. If such promise is made to a third person, from motives of friendship, to relieve him from alleged liability arising from his *laches*, if it afterwards appears that there was no such liability, the indorser is not bound by it *ut semb*.

THIS was an action of assumpsit on two promissory notes.

Plea, non-assumpsit.

With regard to one of the notes, there was no controversy. The contested note was drawn by E. Morrill, in favor of, and indorsed by, the defendant. One of the attorneys in the cause was also one of the plaintiffs, being an assignee of Myers and Judah. The note was in the hands of that attorney, as such assignee. When it became due, he neglected to demand payment of the maker, and to give notice to the indorser, whereby the indorser was discharged from his liability. To excuse the neglect to demand payment of the maker, the plaintiff offered to show that, at the time the note became due, the maker was totally insolvent and worth nothing.

KENT, C. J. The testimony is inadmissible, it is no excuse for not making the demand. The law presumes the maker might have paid it from honorary obligation or otherwise, although insolvent.(1) The plaintiff then relied on

(1) This point is now well settled, and seems to have been so considered at the bar in England, long previous to any reported decision upon it. In

Myers v. Coleman.

a waiver, and proved that the other attorney called upon the defendant, stating the fact that through the *laches* of himself and his co-partner, in not giving him notice of non-payment by the drawer, he, the defendant, had become discharged from his liability, and requested him, through friendship, to waive the want of notice, which the defendant then agreed to do. The defendant was not at this time informed that no demand had been made of the maker. It also appeared, that at the time the waiver was made as above mentioned by the defendant, the attorneys had not become liable, the note being, at the time of the *laches*, in the hands of one of them, as assignee, and not in the hands of both, as attorneys.

*Russel* v. *Langstaff*, (Doug. 515,) Lee, *arguendo*, cites no authority, but refers to this general understanding—he there observes, "as to bankruptcy, it has been frequently ruled, by Lord Mansfield, at Guildhall, that it is not an excuse, for not making a demand on a note or bill, or for not giving notice of non-payment, that the drawer or acceptor has become a bankrupt, as many means may remain of obtaining payment by the assistance of friends or otherwise." *Vide etiam Bickerdike* v. *Boleman*, 1 D. & E., 308 ; Law *arguendo*. In *Nicholson* v. *Gouthit*, (2 H. Bl. 642,) Lord Chief Justice Eyre struggled hard against the rule, inasmuch as it worked injustice in that particular case. But, with all manifest leaning for the plaintiff, he was compelled to decide against him, and concludes his opinion with these words: "It sounds harsh, that a known bankruptcy should not be equivalent to a demand or notice, but the rule is too strong to be dispensed with." The latest case on this subject, is that of *Esdaile* v. *Sowerby*, (11 East, 114,) where it is expressly decided, that the insolvency of the drawer or acceptor, does no dispense with the necessity of a demand of payment, or of a notice of dishonor. And, although the defendant in that case knew of the insolvency of the drawer and acceptor, and that the bill must, therefore, have been dishonored at the time when it became due, it was held, that this knowledge was not equivalent to, and did not preclude the necessity of, actual notice of dishonor ; "for," says Lord Ashhurst, in *Tindal* v. *Brown*, (1 D. & E., 169,)— and Bailey, J., in *Esdaile* v. *Sowerby*, repeats the observation—"notice means something more than knowledge, because it is competent to the holder to give credit to the maker," &c. *Vide* Story on Bills, 230.

Myers v. Coleman.

*D. B. Ogden* contended, that, as the attorneys had not become liable, as they had informed the defendant, which supposed liability was the sole consideration of his waiver, the defendant could not be bound by that waiver. 2nd. That the waiver was without a full disclosure of facts, and therefore not obligatory. The attorney, in his communication with the defendant, did not inform him that no demand had been made upon the maker.

KENT, C. J. To cure *laches* like the one in this case, an express promise on the part of the indorser is necessary, and this promise must be made upon a full disclosure of all the circumstances of the case, the neglect to demand payment of the maker ought to have been disclosed.

The waiver also was made out of friendship to the attorneys, who thought themselves at that time liable.

This having been afterwards discovered not to be the case, I incline to the opinion that the indorser is not bound by his consent to waive the want of notice.

Verdict for the undisputed note only.(2)

*Edwards*, for plaintiff.

*D. B. Ogden*, for defendants.

(2) Vide *Miller* v. *Hackley*, ante, and note to that case.